UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJOR L. RUSSELL,

    Plaintiff,

v.

CITY OF DETROIT, *et al.*,

    Defendant(s).

Case No. 16-cv-11857
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND SUMMONS (ECF #11) AND REQUIRING DEFENDANTS TO PROVIDE LAST KNOWN ADDRESSES OF UNSERVED INDIVIDUAL DEFENDANTS

On May 24, 2016, Plaintiff Major L. Russell ("Russell") filed a complaint against the City of Detroit (the "City") and eight individual defendants[1] (the "Complaint"). (*See* ECF #1.) Russell claims that the Defendants discriminated against him in violation of 42 U.S.C. § 1981 and retaliated against him in violation of the First Amendment. (*See id.* at 8-9, Pg. ID 8-9.)

Russell successfully served the City of Detroit with the Summons and the Complaint, but he was not able to serve the eight individual defendants within the 90-day period set forth in Rule 4(m) of the Federal Rules of Civil Procedure. (*See* ECF #7 at 2, Pg. ID 50.) On September 1, 2016, he filed a motion seeking a 45-

---

[1] The individual defendants are John King, Sean Flanagan, James Houseworth, Joseph English, Joseph Rinehart, Eugene Biondo, Cecilia Buchanan, and Craig Dougherty.

1

day extension in which to serve the individual defendants (the "First Motion to Extend"). (*See* ECF #7.) In the First Motion to Extend, Russell's counsel ("Counsel") explained that he has an ongoing and serious illness that has prevented him from timely completing service. (*See id.* at 2-3, Pg. ID 51.) The Court granted the First Motion to Extend, allowing Russell until October 24, 2016 to serve the individual defendants. (*See* ECF #10 at 3-4, Pg. ID 89-90.) Russell has now successfully served individual defendants Biondo, Houseworth, and Rinehart. (*See* ECF #11 at 2, Pg. ID 92.) However, Russell was unable to serve individual defendants Buchanan, Dougherty, English, Flanagan, and King (collectively, the "Unserved Defendants.") by the October 24, 2016 deadline. Russell now files a motion seeking an additional 21-day extension to complete service of the Unserved Defendants (the "Second Motion to Extend").[2]

In its order granting the First Motion to Extend, the Court identified five factors that guide its discretion in determining whether to extend the time for service. (*See* ECF #10 at 3, Pg. ID 89.) Here, the Court concludes that the same factors weigh in favor of one <u>final</u> short extension of time in which to complete

---

[2] The City opposes the Second Motion to Extend. (*See* ECF #13.) The City argues that Russell's requested extension would prejudice all defendants by delaying the progress of this action, that Russell is operating in bad faith, and that any prejudice to Plaintiff is self-inflicted. (*See id.* at 3-5, Pg. ID 56-58.) The Court does not believe that this last and final short extension will unduly or unfairly prejudice any of the Defendants.

service of the Unserved Defendants, but the Court does not conclude that a full 21-day extension is warranted.

Accordingly the Second Motion to Extend is **GRANTED IN PART** as follows.  The Court **ORDERS** the City to provide to counsel for Russell, <u>by electronic mail</u>, the current or last known addresses (the "Addresses") of the Unserved Defendants by <u>November 9, 2016</u>.[3]  Once the City has provided the Addresses, it shall file a certificate of service with the Court indicating that it has done so.  The Court extends the deadline for serving the Summons and Complaint on the Unserved Defendants to the tenth day following the City's service of the Addresses.[4]  In all other respects, Russell's Second Motion to Extend is **DENIED.**

**IT IS SO ORDERED.**

Dated:  November 2, 2016

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

---

[3] The City would be required to provide Russell with the Addresses during discovery because the Unserved Defendants are potentially relevant witnesses.  *See* Fed. R. Civ. P. 26.  The Court is exercising its authority to expedite the disclosure process by ordering the City to provide the Addresses by November 7, 2016.

[4] This extension does not permit Russell to have any additional days under Rule 6(d) of the Federal Rules of Civil Procedure.

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 2, 2016, by electronic means and/or ordinary mail.

                                            <u>s/Amanda Chubb (in the absence of Holly A. Monda)</u>
                                            Case Manager
                                            (810) 341-9764