UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAJOR L. RUSSELL,

    Plaintiff,

Case No. 16-cv-11857
Hon. Matthew F. Leitman

v.

CITY OF DETROIT, *et al.*,

    Defendants.

_____/

**<u>ORDER (1) DENYING DEFENDANTS' MOTION FOR AMENDED JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) AND/OR RELIEF FROM ORDER PURSUANT TO FED. R. CIV. P. 60(b)(6) (ECF #44) AND (2) DENYING PLAINTIFF'S MOTION FOR ALTERATION OF JUDGMENT UNDER FED. R. CIV. P. 59(e) (ECF #45)</u>**

In this action, Plaintiff Major L. Russell, asserts claims under 42 U.S.C. § 1981 ("Section 1981") for race discrimination and under 42 U.S.C. § 1983 ("Section 1983") for retaliation in violation of the First Amendment against several of his former superior officers at the Detroit Fire Department (the "DFD") and against the City of Detroit. (*See* Compl., ECF #1.) On November 6, 2017, the Defendants moved for summary judgment on both claims. (*See* ECF #28.) On May 2, 2018, the Court entered an Opinion and Order in which it granted in part and denied in part Defendants' motion for summary judgment. (*See* Opinion and Order, ECF #41.) In the Opinion and Order, the Court denied summary judgment on Russell's First

1

Amendment retaliation claim against Defendant Houseworth and granted summary judgment in favor of Defendants on all of Russell's remaining claims.

Russell and Defendant Houseworth[1] have now moved to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[2] (*See* Defs.' Mot. to Alter or Am. J., ECF #44; Pl.'s Mot. to Alter or Am. J., ECF #45.) For the reasons explained below, the Court **DENIES** both motions.

# I

"Under Rule 59, a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotations omitted). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of*

---

[1] The motion was brought in the name of all of the Defendants. However, in the Opinion and Order, the Court ruled that all Defendants other than Houseworth were entitled to summary judgment on Russell's claims. Thus, Houseworth is the only remaining Defendant in this case and the only Defendant who may move to alter or amend the judgment.

[2] Defendants also moved for relief from the Opinion and Order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Relief under Rule 60(b) can only be obtained after the entry of a judgment. *See Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (holding that defendants "are not entitled to relief under Rule 60(b)(6) because they are not seeking relief from a final judgment" following a partial denial of summary judgment). Here, the Court did not enter a final judgment following its Opinion and Order because there remained a claim against Defendant Houseworth. Accordingly, relief under Rule 60(b)(6) is not presently available to the Defendants.

*Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). And a party cannot use Rule 59(e) to "raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

## II

The Court denies both motions because the Court already carefully considered and rejected the bulk of each party's present arguments in its prior Opinion and Order and because neither party has demonstrated that the Court made a clear error of law in the Opinion and Order. The Court addresses each party's primary arguments below.

### A

Defendant Houseworth challenges the Court's conclusion that Russell was speaking on a matter of public concern in his letter to Commissioner Donald Austin, dated May 18, 2013 (the "Austin Letter"). The Court determined that the Austin Letter addressed a matter of public concern because Russell framed his complaints in that letter with reference to Executive Order 2010-2, which relates to the City of Detroit's anti-discrimination policy. The Court concluded that in light of the manner in which Russell framed his complaints, they could reasonably be understood as relating to unlawful discrimination – a matter of public concern.

Houseworth counters that the prohibitions in Executive Order 2010-2 are not limited to unlawful discrimination and that Russell's reference to that order does not necessarily indicate that he is complaining about such discrimination. In support of this argument, Houseworth highlights that the Executive Order is named: "Internal Policy Against Discrimination and **Harassment**." (Defs.' Mot. to Alter or Amend. J., ECF #44 at Pg. ID 1319; emphasis original.) Houseworth appears to suggest that the word "harassment" in the title indicates that the Executive Order prohibits garden-variety harassment and ordinary bad behavior that is not a matter of public concern. Houseworth then concludes that since the Executive Order applies to subjects that are not a matter of public concern, Russell's "mere reference" to that order in the Austin Letter did not transform the complaints in that letter into matters of public concern.

The plain language of Executive Order 2010-2 belies the implication by Houseworth that the order broadly addresses ordinary bad behavior and harassment that is not a matter of public concern. The Executive Order focuses on discrimination and harassment based on certain protected classes or statuses, and this type of discrimination and harassment is a matter of public concern. *See e.g.*, *Perry v. McGinnis*, 209 F.3d 597, 608 (6th Cir. 2000) (holding that racial discrimination is "inherently a matter of public concern"); *Bonnell v. Lorenzo*, 241 F.3d 800, 812 (6th Cir. 2001) ("[I]t is well-settled that allegations of sexual

harassment, like allegations of racial harassment, are matters of public concern."). The Executive Order first explains that it "clarifies and updates" two sections of the Detroit City Code, and these sections both address unlawful discrimination and harassment against members of protected classes and/or based upon protected statuses.[3] (Exec. Order 2010-2, ECF #31-4 at Pg. ID 1041.) The Executive Order then provides that every employee, manager, and supervisor is responsible "for ensuring that subordinates or co-employees are afforded a work environment that is free from improper or unwelcome discrimination on the basis of race, color, religious beliefs, national origin, age, marital status, disability, sex, sexual orientation, or gender identification or expression and from harassment on the basis of sex." (*Id.*) The Executive Order finally directs employees who believe they have been subjected to discrimination on the basis of these protected classes or to harassment on the basis of sex to file a complaint with the Human Rights Department. (*See id.*) Simply put, the Executive Order is directed toward unlawful discrimination and harassment, and thus Russell did address a matter of public concern in the Austin Letter when he framed his complaints with reference to the order.

---

[3] The Executive Order explains: "This Executive Order clarifies and updates the City of Detroit's employment practices regarding discrimination or harassment as delineated: 1) in Section 27-3-1 of the 1984 Detroit City Code governing discrimination on the basis of race, color, religious beliefs, national origin, age, marital status, disability, sex, sexual orientation, or gender identification or expression, and 2) in Section 13-12-1 of the 1984 Detroit City Code governing sexual harassment." (Exec. Order 2010-2, ECF #31-4 at Pg. ID 1041.)

5

Upon additional review of the Austin Letter, the Court finds two additional bases for concluding that Russell addressed a matter of public concern in that letter. First, Russell referred to internal disharmony among certain employees at the DFD that could inhibit the DFD's ability to timely and effectively respond to public emergencies; he did not limit his complaints to mistreatment directed toward himself alone. Specifically, Russell raised a concern that DFD firefighter Sean Flanagan had engaged in serial bullying against a number of DFD drivers and that that bullying was part of a larger "misguided culture of the DFD [that] relegates driver ranks as less honorable." (*Id.*) Serial bullying and devaluing of DFD drivers could interfere with the DFD's ability to appropriately carry out its mission, and the public would have an interest in this potential threat to public safety.

Second, Russell addressed misconduct by Flanagan that posed an immediate and direct risk to public safety, and the public would have an interest in that misconduct as well. More specifically, Russell explained that while he was driving a DFD fire engine to a fire, Flanagan (who was seated in the cab behind Russell) went into a tirade and climbed over the seat toward Russell. (*See id.* at Pg. ID 1036- 37.) Flanagan's conduct interfered with Russell's ability to drive the fire engine safely and arrive to the scene of the emergency as quickly as possible. The public has an interest in conduct by public employees that puts the driving public at risk and hinders the ability of the DFD to respond quickly to fire scenes.

For all of the reasons explained in the Opinion and Order and above, the Court adheres to its conclusion that Russell addressed a matter of public concern in the Austin Letter.

B

Russell argues that the Court erred by failing to recognize that comments and actions directed toward him by DFD employees other than Houseworth could have deterred a person of ordinary firmness from engaging in protected conduct. (*See* Pl.'s Mot. to Alter or Am. J., ECF #45 at Pg. ID 1326-29.) Russell contends that these other comments and actions were sufficient to support his First Amendment retaliation claim against the other Defendants.

However, many of the comments and actions identified by Russell were made by individuals who are not defendants in this action, and those comments and actions are not relevant to Russell's First Amendment claims against the individual Defendants.

Nor has Russell persuaded the Court that the comments and actions he identifies are sufficient to support his claim that the City of Detroit had a custom or policy of tolerating threats against employees who complained about discrimination and harassment. Russell has not identified a comment or action (other than the "mind fuck" statement by Houseworth) that rises to the level of a threat, and thus he has failed to show that the City regularly tolerated threats. Moreover, even if the

statements identified by Russell did rise to the level of threats, Russell has not presented evidence that the City of Detroit had a policy or custom of tolerating such threats. Russell has not sufficiently shown that the City was aware of and chose to tolerate a meaningful number of the purported threats he identifies.

### III

For the reasons stated above, the Court **DENIES** both Defendants' motion to alter or amend the judgment and for relief from the judgment (ECF #44) and Russell's motion to alter or amend the judgment (ECF #45).

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 12, 2018, by electronic means and/or ordinary mail.

s/ Holly A. Monda<br>
Case Manager<br>
(810) 341-9764